UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RICHARD WATKINS, | Case No.: 1:17-cv-531 |
| Plaintiff, | Magistrate Judge<br>Karen L. Litkovitz |
| v. | |
| DAVID J. SHULKIN, M.D.<br>SECRETARY OF VETERANS<br>AFFAIRS, | |
| Defendant. | |

**PROTECTIVE ORDER**

Because discovery in the above-captioned case involves confidential information covered by the Privacy Act, 5 U.S.C. § 522a, including the contents of personnel files of persons employed or formerly employed by the United States Department of Veterans Affairs, it is hereby ordered that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied or disclosed by the parties to each other in this action:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as confidential if counsel determines, in good faith, that such information is covered by the Privacy Act or that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

"Confidential" information or documents may be referred to collectively as "Confidential Information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Stipulation and Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including agency counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential

Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

   a. Inform the person of the confidential nature of the information or documents; and

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such

document or information as "Confidential Information" provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production, whichever is later. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. This Stipulation and Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 5.2.1.

9. As soon as practicable prior to filing any document containing information subject to confidential treatment, the parties shall meet and confer regarding whether they believe such document should be filed under seal. Following such communication, the parties may jointly or independently move for any such documents to be filed under seal, as set forth in Paragraph 8 of this Order.

10. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than sixty (60) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be

permitted to retain their working files on the condition that those files will remain confidential.

11. Subject to the terms of this Protective Order, Defendant will produce to Plaintiff, as required by the Federal Rules of Civil Procedure, all non-privileged and otherwise unprotected documents responsive to Plaintiff's discovery requests.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

**STIPULATED:**

BENJAMIN C. GLASSMAN
United States Attorney

s/ Matthew J. Horwitz
MATTHEW J. HORWITZ (0082381)
Assistant United States Attorney
Attorney for Defendant
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6972
Matthew.Horwitz@usdoj.gov

s/ Jason P. Matthews  
JASON P. MATTHEWS (0073144)  
Jason P. Matthews, LLC  
Attorney for Plaintiff  
130 West Second Street, Suite 924  
Dayton, Ohio 45402  
Office: (937) 608-4368  
Fax: (888) 577-3589  
jason@daytonemploymentlawyers.com

## ORDER

The parties having stipulated to the foregoing terms of the Protective Order and the Court having found them reasonable and appropriate:

**IT IS SO ORDERED.**

_____
KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE

## Stipulation to Proposed Protective Order

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Watkins v. Shulkin*, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____     DATED:

Signed in the presence of:

_____
(Attorney)